UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GEORGE M. CLARKE<br>815 Connecticut Ave., N.W.<br>Washington, D.C. 20006<br><br>         Plaintiff,<br><br>v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue N.W.<br>Washington, D.C. 20224<br><br>         Defendant. | Civil Action No.: 1:24-cv-00783<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiff George M. Clarke, III brings this action for declaratory and injunctive relief under the Freedom of Information Act, as amended, and as codified at 5 U.S.C. § 552 ("FOIA") and 28 U.S.C. § 1331.

## INTRODUCTION

1. Plaintiff seeks to compel disclosure of agency records requested from the Internal Revenue Service ("Defendant") in a FOIA request to which Defendant has not lawfully responded. Plaintiff submitted the FOIA request to Defendant on December 19, 2023 seeking documents regarding the revised process for implementing Information Document Requests ("IDRs") and auditing partnerships.

2. To date, Defendant has not responded as required by U.S.C. § 552(a)(6)(A)(i), despite FOIA's requirement for agencies to respond to requests within 30 working days.

3. Plaintiff asks the Court to enjoin Defendant from withholding requested records and order Defendant to produce any agency records improperly withheld from Plaintiff.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5. Venue is proper in this Court pursuant to 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6. Plaintiff is a tax attorney and partner of the law firm Baker & McKenzie LLP, and his office is located at 815 Connecticut Ave., N.W. Washington, D.C. 20006.

7. Defendant is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, D.C., that has possession and control over the records that Plaintiff seeks under FOIA.

## STATUTORY FRAMEWORK

8. FOIA requires that upon any request for non-exempt records, "each agency . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

9. For requested materials to qualify as "agency records," the agency must either create or obtain the requested materials and be in control of the requested materials at the time FOIA request is made. *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989).

10. After receipt of a FOIA request, each agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request . . . ." 5 U.S.C. § 552(a)(6)(A).

11. Among other requirements under 5 U.S.C. § 552(a)(6)(A)(i), the agency must notify the requestor of its "determination and the reasons therefor." 5 U.S.C. § 552(a)(6)(A)(i)(I).

12. An agency response that merely acknowledges receipt of a request does not constitute a "determination" under FOIA. *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 186 (D.C. Cir. 2013) ("The agency must at least inform the requester of the scope of the documents that the agency will produce, as well as the scope of the documents that the agency plans to withhold under any FOIA exemptions."); *see also* U.S. Dep't of Justice, Office of Information Policy, *FOIA Counselor: Questions & Answers*, 13 FOIA UPDATE 3, at 5 (1992).

13. Under "unusual circumstances," the time limit may be extended an additional 10 working days "by written notice to the person making such request setting forth the unusual circumstances for such extension." 5 U.S.C. § 552(a)(6)(B).

14. Unusual circumstances include "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request." 5 U.S.C. § 552(a)(6)(B)(iii)(I).

15. If after the 30 working days, the agency fails to respond to a FOIA request, the requester is deemed to have exhausted administrative remedies and can seek judicial review. *See Khine v. U.S. Dep't of Homeland Sec.*, 943 F.3d 959, 966 (D.C. Cir. 2019) ("a requester may be treated as if [he] exhausted the administrative appeals process where the agency did not provide a timely determination . . . .").

16. This Court has jurisdiction upon receipt of a complaint to review, de novo, the agency's failure to respond and order the production of any agency records improperly withheld from Plaintiff. 5 U.S.C. § 552(a)(4)(B)

## STATEMENT OF FACTS

17. On December 19, 2023, Plaintiff submitted a request made under FOIA by mailing a written request via certified mail. Attached as **Exhibit A** is a true and correct copy of the December 19, 2023 FOIA request.

18. The December 19, 2023 FOIA request sought IRS Office of Chief Counsel employee Clifford Warren's "paper" that he discussed at a November 14, 2023 American Bar Association Section of Taxation's Philadelphia Tax Conference, as reported in an article titled "IRS Taking Partnership Audits to New Level," written by Kristen Parillo and published in Tax Notes on November 15, 2023. *See* Ex. A at 2, 5-6.

19. The December 19, 2023 FOIA request sought copies of documents "whose title or description matches the following":

    a. Memoranda, presentations, statements of policy, statements of procedure, and training materials created, revised, or updated any time between January 1, 2021 to the date of this letter, related to the drafting IDRs for partnerships, other pass-through entities, or their owners.

    b. Memoranda, presentations, statements of policy, statements of procedure, and training materials created, revised, or updated any time between January 1, 2021 to the date of this letter, related to the enforcement of IDRs for partnerships, other pass-through entities, or their owners, including but not limited to the use of delinquency letters and summonses.

    c. Memoranda, presentations, statements of policy, statements of procedure, and training materials created, revised, or updated any time between January 1, 2021 to the date of this letter, related to strategies for conducting examinations of partnerships, other passthrough entities, or their owners.

Ex. A at 2.

20. The December 19, 2023 FOIA request sought expedited processing pursuant to Treas. Reg. § 601.702(c)(6).

21. In a letter dated January 9, 2024, Defendant responded to the December 19, 2023 FOIA request by stating it received the FOIA request on January 2, 2024, denying the request for

expedited processing, and assigning the FOIA request case number 2024-06232. Attached as **Exhibit B** is a true and correct copy of Defendant's January 2, 2024 acknowledgment of receipt.

22. Twenty working days after the January 2, 2024 receipt date, excluding the Martin Luther King Jr. Day holiday, is January 31, 2024.

23. In Defendant's January 9 letter to Plaintiff, Defendant noted January 31, 2024 as its "initial estimated completion date" of the FOIA request. *See* Ex. B.

24. On January 30, 2024, Defendant requested a 10-day extension to "[s]earch for and, to the extent that records exist, collect requested records from other locations" and stated that the statutory response date will be extended until February 14, 2024. Attached as **Exhibit C** is a true and correct copy of Defendant's January 30, 2024 extension request.

25. Defendant's January 30, 2024 extension request further stated that it "will still be unable to respond to [Plaintiff] by the extended statutory response date." *See* Ex. C. at 1.

26. To date, Defendant has not responded with a determination about producing the materials requested in the December 19, 2023 FOIA request.

27. The February 14, 2024 deadline for Defendant to respond to the FOIA request has expired and Defendant is not entitled to any further, unilateral delay.

28. Because Defendant has failed to respond to Plaintiff's December 19, 2024 FOIA request within 30 working days, Plaintiff has exhausted its administrative remedies in accordance with 5 U.S.C. § 552(a)(6)(C)(i) with respect to the December 19, 2023 FOIA request.

## CAUSE OF ACTION

29. Plaintiff asserts and incorporates by reference the preceding paragraphs.

30. Plaintiff properly requested records under Defendant's control and possession, in compliance with FOIA.

31. Plaintiff is entitled under FOIA to access the records requested in the FOIA request and Defendant is obligated to respond within 20 working days, which may be extended an additional 10 working days under "unusual circumstances." 5 U.S.C. §§ 552(a)(3), (a)(6)(A)(i), (a)(6)(B).

32. Defendant failed to disclose all requested records within the statutory timeframe in violation of 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(B).

33. Plaintiff exhausted his administrative remedies with regard to the improperly withheld records.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a. Declare that Defendant's failure to disclose the records requested by Plaintiff violates FOIA, 5 U.S.C. §§ 552(a)(3) and 552(a)(6)(A)(i);

b. Enjoin Defendant from withholding requested records and order Defendant to produce any agency records improperly withheld from Plaintiff, in accordance with 5 U.S.C. § 552(a)(4)(B); and

c. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,                                    Dated: March 18, 2024

/s/ Sonya C. Bishop
Sonya C. Bishop
Bar No. NY0568
Baker & McKenzie, LLP
452 Fifth Avenue
New York, NY 10018
Phone: (332) 215-5812
Fax: (212) 310-1748
sonya.bishop@bakermckenzie.com

6