# Exhibit A



**Baker & McKenzie LLP**

815 Connecticut Avenue, N.W.
Washington, DC 20006-4078
United States

Tel: +1 202 452 7000
Fax: +1 202 452 7074
www.bakermckenzie.com

**Asia Pacific**
Bangkok
Beijing
Brisbane
Hanoi
Ho Chi Minh City
Hong Kong
Jakarta
Kuala Lumpur*
Manila*
Melbourne
Seoul
Shanghai
Singapore
Sydney
Taipei
Tokyo
Yangon

**Europe, Middle East
& Africa**
Abu Dhabi
Almaty
Amsterdam
Antwerp
Bahrain
Barcelona
Berlin
Brussels
Budapest
Cairo
Casablanca
Doha
Dubai
Dusseldorf
Frankfurt/Main
Geneva
Istanbul
Jeddah*
Johannesburg
Kyiv
London
Luxembourg
Madrid
Milan
Munich
Paris
Prague
Riyadh*
Rome
Stockholm
Vienna
Warsaw
Zurich

**The Americas**
Bogota
Brasilia**
Buenos Aires
Caracas
Chicago
Dallas
Guadalajara
Houston
Juarez
Lima
Los Angeles
Mexico City
Miami
Monterrey
New York
Palo Alto
Porto Alegre**
Rio de Janeiro**
San Francisco
Santiago
Sao Paulo**
Tijuana
Toronto
Washington, DC

* Associated Firm
** In cooperation with
Trench, Rossi e Watanabe
Advogados

December 19, 2023

Disclosure Manager
Internal Revenue Service
GLDS Support Services
Stop 211
PO Box 621506
Atlanta, GA 30362-3006

**Via certified mail**

**Re: Request Made Under the Freedom of Information Act**

Dear Disclosure Officer,

I am making this request pursuant to or under the Freedom of Information Act, 5 U.S.C. § 552, as amended.  I request that copies of the documents described in section 3 of this letter be provided to me, George M. Clarke.

## 1.    Definitions

The words "document" or "documents", as used in this request, should be construed in their broadest sense to include but not be limited to every draft, original, or non-identical copy (whether different from the original by reason of notations made on such copy or otherwise), regardless of location, of all writings, drawings, graphs, charts, photographs, electronically stored data, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonably usable form.  Any alterations, notes, comments, or other material contained thereon or attached thereto not included in any original or other copy shall be deemed a separate document within the foregoing.

## 2.    Background

At the American Bar Association Section of Taxation's Philadelphia Tax Conference, Clifford Warren of the Internal Revenue Service ("IRS") Office of Associate Chief Counsel (Passthroughs and Special Industries) described a "paper" that he authored, contributed to, or had some authority over titled or generally referred to as "The Art of the IDR." *See* Kristen A Parillo, *IRS Taking Partnership Audits to New Level*, Tax Notes (Nov. 15, 2023) (attached). "IDR" stands for "information document request." *Id.*  This document was likely authored or circulated in 2023.

Mr. Warren also stated: "Things have been changing at the IRS, so you're going to see lots of different sorts of IDRs, different strategies, and a whole new level of partnership audits that are supported throughout the entire organization." *See id.*  He was further cited for the proposition that "[t]he IRS will likely come down hard on those who blatantly refuse to comply with IDRs, . . . adding that the agency has issued summonses to several taxpayers that chose to ignore IDRs." *Id.*



### 3.    Requested Documents

With the above background information informing your search, I request copies of documents whose title or description matches the following:

a.   The "paper" Mr. Warren described on November 14, 2023 as "The Art of the IDR".

b.   Memoranda, presentations, statements of policy, statements of procedure, and training materials created, revised, or updated any time between January 1, 2021 to the date of this letter, related to the drafting IDRs for partnerships, other pass-through entities, or their owners.

c.   Memoranda, presentations, statements of policy, statements of procedure, and training materials created, revised, or updated any time between January 1, 2021 to the date of this letter, related to the enforcement of IDRs for partnerships, other pass-through entities, or their owners, including but not limited to the use of delinquency letters and summonses.

d.   Memoranda, presentations, statements of policy, statements of procedure, and training materials created, revised, or updated any time between January 1, 2021 to the date of this letter, related to strategies for conducting examinations of partnerships, other pass-through entities, or their owners.

### 4.    Format for Delivery

The requested documents should be provided to me in electronic form, such as by email to my the email address listed in section 6 below or uploaded to a USB drive sent to the physical address listed in section 6 below.  If electronic copies are unable to be provided, a paper copy of the documents should be sent to the physical address listed in section 6 below.

If it is determined that any requested document or record, or any portion thereof, will not be disclosed, please provide me with the non-exempt documents and records and with the non-exempt portions of the remaining documents and records.  In the event an exemption is claimed, please provide me with all segregable non-exempt portions of any withheld document or record pursuant to 5 U.S.C. § 552(b).  When material is to be redacted, please "black out" rather than "white out" or "cut out" any portions for which an exemption is claimed.

If records responsive to this request have been destroyed, please identify the documents destroyed, the date of destruction, and the person who destroyed the document.

Pursuant to 5 U.S.C. §§ 552(a)(6)(A)(i) and 552(b), if this request is denied either in part or in whole, please provide me with an index that specifies which exemption(s) is (are) being claimed for each portion of each document withheld.  To the extent materials are withheld, please provide a detailed description of each document or record withheld, including the author(s) and any recipients, the date of its creation, its subject matter, and its current physical location. In addition, please provide the reason that each document or record falls within the exemption claimed for it. Please also specify the number of pages in each document or record and the total number of pages that are responsive to this request.  Such an index is required to



allow me to evaluate the IRS's claims that these documents are exempt from disclosure.  *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

**5.      Expedited Processing, Inspection, Type of Requestor, and Fees**

I do not wish to inspect the documents before receiving them.

In order to determine my status for the applicability of fees, I am a tax attorney at the law firm of Baker & McKenzie LLP.  I am a commercial-use requestor under Treas. Reg. § 601.702(f)(3)(ii)(A), and I am seeking records to learn more about the Internal Revenue Service's practices so that I can better represent my clients.

I am willing to pay fees of up to $5,000 for this request.  If you estimate that the fees will exceed that limit, please inform me before taking any action that would require you to charge more than $5,000.

I would like this request to receive expedited processing pursuant to Treas. Reg. § 601.702(c)(6).  I certify that to the best of my knowledge and belief, it is true and correct that Mr. Warren's recent statements suggest that the IRS will be engaging in aggressive enforcement activities.  Because I represent taxpayers examined by the IRS, I have a compelling need to understand how the IRS plans to impose on my clients so that I can effectively advise them and protect their rights.

**6.      My Contact Information**

I, George M. Clarke, am the requestor.  The requestor's name and physical address is:

>       George M. Clarke
>       Baker & McKenzie LLP
>       815 Connecticut Ave., N.W.
>       Washington, D.C. 20006

Additional contact information for the requestor is below:

- Email address: george.clarke@bakermckenzie.com

- Fax number: 202-416-7184

- Phone number: 202-835-6184

I would appreciate a response to this request within twenty working days, as provided by 5 U.S.C. § 552(a)(6)(A)(i).

Thank you for your attention with this matter.  Please do not hesitate to contact me with any questions.



Best regards,

George M. Clarke
Partner
+1 202 835 6184
george.clarke@bakermckenzie.com

Encl.


Cc:      Joy Williamson
         Sonya C. Bishop
         *Baker McKenzie*

4


DOC 2023-33054

# IRS Taking Partnership Audits to New Level

**Posted on Nov. 15, 2023**

By Kristen A. Parillo

The IRS's audits of large partnerships will hit a whole new level with a strategy that includes a new mega passthroughs unit and a fresh approach to information document requests, according to an official.

Clifford Warren of the IRS Office of Associate Chief Counsel (Passthroughs and Special Industries) described his office's involvement in the compliance crackdown on large corporations and partnerships and high-income earners during the American Bar Association Section of Taxation's Philadelphia Tax Conference November 14.

As detailed in a September 8 release, the IRS Large Business and International Division will audit 75 of the country's largest partnerships under an initiative launched in October 2021 that applies to partnerships with more than $10 million in assets. The agency said it will also mail compliance letters to 500 large partnerships that have ongoing balance sheet discrepancies.

To support the IRS's increased enforcement and audit coverage of large partnerships and complex arrangements involving passthrough entities, the agency announced September 20 that LB&I is forming a new unit dedicated to passthrough issues.

The mega passthrough organization will be highly specialized, Warren said. "It's going to be much more efficient for us," he said, explaining that previously there was only some partnership expertise within LB&I and the Small Business/Self-Employed Division. "That's being combined, and they're hiring a lot of new people," he added.

"We are getting billion-dollar partnership cases sent to us on almost a weekly basis now," Warren said, adding that chief counsel is now involved from the beginning of the audit phase when IDRs are issued. "My last paper that went around was 'The Art of the IDR,'" he said.

"Things have been changing at the IRS, so you're going to see lots of different sorts of IDRs, different strategies, and a whole new level of partnership audits that are supported throughout the entire organization," Warren said.

## Don't Ignore

Warren asked the audience to pass along a message to other tax advisers and their clients: "You ought to answer an IDR."

"People are now so brazen that they just say, 'Nah, you have that,' or 'We're not giving it to you,'" Warren said. "That sets a really bad tone. We are seeing that on billion-dollar cases for *Fortune* 500 companies — it's shocking."

(C) Tax Analysts 2023. All rights reserved. Tax Analysts does not claim copyright in any public domain or third party content.

taxnotes
DOC 2023-33054

The IRS will likely come down hard on those who blatantly refuse to comply with IDRs, Warren said, adding that the agency has issued summonses to several taxpayers that chose to ignore IDRs.

Warren couldn't say whether tax professionals should expect to see summons enforcement cases dealing with those situations, but he explained that the IRS hopes that taxpayers who receive a summons understand that the agency means business and produce the requested information.

"There's one taxpayer that may never comply, so we'll see what happens," Warren said.

(C) Tax Analysts 2023. All rights reserved. Tax Analysts does not claim copyright in any public domain or third party content.

# Exhibit B



**Department of the Treasury**
**Internal Revenue Service**
**Privacy, Governmental Liaison and Disclosure**
**GLDS Support Services**
Stop 93A
PO Box 621506
Atlanta, GA 30362

George M. Clarke
Baker & McKenzie LLP
815 Connecticut Ave. N.W.
Washington, DC  20006

**Date:**
January 9, 2024
**Employee name:**
Fatima Merriam
**Employee ID number:**
1000226048
**Telephone number:**
206-946-3528
**Fax number:**
855-205-9335
**Case number:**
2024-06232

Dear George M. Clarke:

This letter acknowledges your Freedom of Information Act (FOIA) request we received on January 2, 2024. The initial estimated date of completion for your request is January 31, 2024.

Please be advised that if the records you seek are tax related, any records previously submitted by a taxpayer to the Internal Revenue Service will not be considered within the scope of your request unless you advise us to the contrary in writing.

You asked us to expedite the processing of your FOIA request. We're denying your request for expedited processing. The circumstances you described don't meet the criteria for a compelling need and/or you did not certify the criteria to be true and correct.

The FOIA allows expedited processing when a requester demonstrates a compelling need for the information. A compelling need is present when:

- Failure to obtain the records on an expedited basis could pose an imminent threat to an individual's life or physical safety,
- There is an urgent need to tell the public about actual or alleged federal government activity, if made by a person whose main professional activity is disseminating information to the public,
- Failure to obtain the records may cause a loss of substantial due process rights.

We'll search for the requested documents. We're required to review all documents prior to release. We'll notify you in writing if we need additional time.

If you want reconsideration for expedited processing, submit a statement describing the compelling need and mail to the address in the upper left-hand corner of this letter.  You must also certify that your statement is true and correct to the best of your knowledge and belief. To do this, include a declaration such as: I certify under penalty of perjury that the information is true and correct to the best of my knowledge.

We are not considering your request for an index of the deleted material, sometimes referred to as a Vaughn Index, because it would require creation of personalized and specific statements. The FOIA gives individuals access rights to existing agency records and FOIA case law doesn't require agencies to produce indices in processing FOIA requests.

If you have questions regarding the processing of your FOIA request, please contact the caseworker assigned to your case at the phone number listed at the top of this letter.

If you are not able to resolve any concerns you may have regarding our response with the caseworker, you have the right to seek dispute resolution services by contacting our FOIA Public Liaisons at 312-292-3297. The FOIA Public Liaison is responsible for assisting in reducing delays, increasing transparency, and assisting in the resolution of disputes with respect to the FOIA.

There is no provision for the FOIA Public Liaison to address non-FOIA concerns such as return filing and other tax-related matters or personnel matters. If you need assistance with tax-related issues, you may call the IRS at 800-829-1040.

Sincerely,

Jeremy Woods
Disclosure Manager
Disclosure Office 13

 Department of the Treasury
Internal Revenue Service

## Notice 393
(Rev. September 2016)

### Information on an IRS Determination to Withhold Records Exempt From The Freedom of Information Act – 5 U.S.C. 552

**Appeal Rights**

You may file an appeal with the Internal Revenue Service (IRS) within 90 days after we (1) deny you access to a record in whole or in part; (2) have made an adverse determination as to your category as a requester; (3) deny your request for a fee waiver or reduction; or (4) have advised you that no records responsive to your request exist. You may file an appeal within 10 days when a request for expedited processing has been denied.

Your appeal must be in writing, must be signed by you, and must contain:

Your name and address,
- Description of the requested records,
- Date of the request (and a copy, if possible),
- Identity of the office and contact on the response letter, and
- Date of the letter denying the request (and a copy, if possible)

Mail your appeal to:

> **IRS Appeals**
> Attention: FOIA Appeals
> M/Stop 55202
> 5045 E. Butler Ave.
> Fresno, California  93727-5136

**Judicial Review**

If we deny your appeal, or do not address an issue raised in your appeal within 20 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal, you may file a complaint in United States District Court in the district in which (1) you reside; (2) your principal place of business is located; (3) the records are located; or (4) the District of Columbia. A complaint may be filed within 10 days (excluding Saturdays, Sundays, or legal public holidays) after the date we receive your appeal if your appeal is from an adverse determination of a request for expedited processing. If you choose to file suit before receipt of a final determination by the Appeals office, the administrative appeals process may cease.

The rule for effecting service of judicial process upon the Internal Revenue Service is set forth in Federal Rule of

Civil Procedure 4(i). In addition to service upon the United States, as set forth in Rule 4(i)(1), service must be made upon the Internal Revenue Service by registered or certified mail as set forth in Rule 4(i)(2)(A).

The address of the Internal Revenue Service is: Internal Revenue Service, Attention CC:PA, 1111 Constitution Avenue, N.W., Washington, D.C. 20224.

**Exemptions**

The Freedom of Information Act, 5 U.S.C. 552, does not apply to matters that are:

(b)(1) • specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and are in fact properly classified under such executive order,

(b)(2) • related solely to the internal personnel rules and practices of an agency,

(b)(3) • specifically exempted from disclosure by statute (other than section 552b of this title), provided that the statute:

(A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or

(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld.

**Note:** Internal Revenue Code sections 6103 and 6105 are statutes which qualify for exemption 3 treatment. Section 6103 protects the confidentiality of tax returns and  information pertaining to a taxpayer collected by the IRS. Section 6105 protects information obtained from a foreign country under a tax treaty.

(b)(4) • trade secrets and commercial or financial information obtained from a person and privileged or confidential,

(b)(5) • inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency,

(b)(6) • personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy,

(b)(7) • records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information:

(A) could reasonably be expected to interfere with enforcement proceedings,

(B) would deprive a person of a right to a fair trial or an impartial adjudication,

(C) could reasonably be expected to constitute an unwarranted invasion of personal privacy,

(D) could reasonably be expected to disclose the identity of a confidential source, including a State, local or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by a criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source,

(E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or

(F) could reasonably be expected to endanger the life or physical safety of any individual.

(b)(8) • contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions, or

(b)(9) • geological and geophysical information and data, including maps, concerning wells.

# Exhibit C



**Department of the Treasury**
**Internal Revenue Service**
**Privacy, Governmental Liaison and**
**Disclosure**
**GLDS Support Services**
Stop 93A
PO Box 621506
Atlanta, GA 30362

George M. Clarke
Baker & McKenzie LLP
815 Connecticut Ave. N.W.
Washington, DC  20006

**Date:**
January 30, 2024
**Employee name:**
Fatima Merriam
**Employee ID number:**
1000226048
**Telephone number:**
206-946-3528
**Fax number:**
855-205-9335
**Case number:**
2024-06232

Dear George M. Clarke:

This is in response to your Freedom of Information Act (FOIA) request we received on
January 2, 2024.

You asked for a copy of the following:

"The paper" described on the "The Art of IDR" authored by IRS Chief Counsel Clifford Warren.

Memoranda, presentations, statements of policy, statements of procedure, and training materials
created, revised, or updated any time between January 1, 2021 to the date of this letter, related to
the drafting & enforcement IDRs for partnerships, other pass-through entities, or their owners
and strategies for conducting exam of partnerships, pass-through entities, and or their owners.

"The paper" described on the "The Art of IDR".

We're unable to provide the information you requested by January 31, 2024, which is the 20
business-day period required by law for us to respond.

In certain circumstances, the FOIA allows for an additional 10-day statutory extension. I need
additional time to:

☒  Search for and, to the extent that records exist, collect requested records from other locations,

☐  Review a large volume of records,

☐  Consult with another agency and/or two or more Treasury components.

As part of this extension, the statutory response date will be extended to February 14, 2024.
Unfortunately, we will still be unable to respond to you by the extended statutory response date.

We expect to provide a final response to your request by April 30, 2024. You don't need to reply to this letter if you agree to this extension. Please consider contacting me to arrange an alternative timeframe for processing the request or limiting the scope of your FOIA request, which may reduce the timeframe in processing your request.

Pursuant to 26 CFR § 601.702, there is no right to an administrative appeal for failure to meet the statutory 20 business-day, or additional 10 business-day, timeframes for response.

However, you do have the right to file suit for a judicial review. You can file suit after February 14, 2024. File your suit in the U.S. District Court:

- Where you reside or have your principal place of business,
- Where the records are located, or
- In the District of Columbia

Rule 4(i)(1)(C), of the Federal Rules of Civil Procedure, requires you to send the IRS a copy of the summons and complaint as well as to the Attorney General and the United States Attorney for the district in which the action is brought. You must send the IRS copies, by registered or certified mail, to:

Commissioner of Internal Revenue
Attention: CC: PA: Br 6/7
1111 Constitution Avenue, NW
Washington, D.C. 20224

We apologize for any inconvenience this delay may cause.

If you have questions regarding the processing of your FOIA request, please contact the caseworker assigned to your case at the phone number listed at the top of this letter.

If you are not able to resolve any concerns you may have regarding our response with the caseworker, you have the right to seek dispute resolution services by contacting our FOIA Public Liaisons at 312-292-3297. The FOIA Public Liaison is responsible for assisting in reducing delays, increasing transparency, and assisting in the resolution of disputes with respect to the FOIA.

There is no provision for the FOIA Public Liaison to address non-FOIA concerns such as return filing and other tax-related matters or personnel matters. If you need assistance with tax-related issues, you may call the IRS at 800-829-1040.

You also have the right to contact the Office of Government Information Services (OGIS). The Office of Government Information Services, the Federal FOIA Ombudsman's office, offers mediation services to help resolve disputes between FOIA requesters and federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740-6001
202-741-5770
877-684-6448
ogis@nara.gov
ogis.archives.gov

Sincerely,

Jeremy Woods
Disclosure Manager
Disclosure Office 13